United States District Court
For the Northern District of California

**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARROW BOGGIANO,

Plaintiff,

v.

ART KAPOOR REALTY INC., et al.,

Defendants.

_______________________________/

No. C 04-3054 PJH

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The motion to dismiss filed by defendants Art Kapoor Realty Inc., Art Kapoor,[1] California West Associates, Diamond West Associations, and Nob Hill Associates (collectively, "Kapoor Defendants") came on for hearing on June 15, 2005 before this court. The Kapoor defendants appeared through their counsel, Marysia Okreglak, and plaintiff Darrow Boggiano appeared pro per. Having read all submitted papers and carefully considered the relevant legal authority, including the supplemental declaration of Art Kapoor filed by the Kapoor Defendants and plaintiff's supplemental documents and declaration (styled as a motion for reconsideration), the court GRANTS the motion for the reasons stated at the hearing, and those that follow.[2]

//

---

[1] The complaint names Partap Art Kapoor as a defendant and not Art Kapoor. Boggiano served all papers on Art Kapoor, but did not serve Partap Art Kapoor, who is Art Kapoor's father. At the hearing, Boggiano stated that Art Kapoor was the intended defendant in this action. Based on this statement, counsel for the Kapoor Defendants agreed to substitute Art Kapoor as a defendant in this matter, and also agreed to accept service on Art Kapoor's behalf. Boggiano subsequently submitted contradictory paperwork on this issue, which is discussed later in this order.

[2] Pursuant to Civ. L.R. 7-13, this order may not be cited except as provided by Civ. L. R. 3-4(e).

United States District Court
For the Northern District of California

## BACKGROUND

Pro per plaintiff Darrow Boggiano has filed suit against the Kapoor Defendants and defendant Nob Hill Partnership, claiming that they failed to abate lead in her apartment. Boggiano claims that their failure to abate the lead was motivated by familial status discrimination against her and her son, that she should have been relocated to another apartment, and that she was wrongfully evicted from her apartment for failure to pay rent while the apartment remained tainted with lead. The complaint is difficult to follow, but Boggiano pleads the following causes of action in this lawsuit: familial status discrimination under the Fair Housing Act; violation of lead abatement laws; fraud and negligent misrepresentation; trespass; conversion; and unlawful eviction.

The Kapoor Defendants claim that Boggiano raised these identical claims in another lawsuit previously filed in the San Francisco Superior Court. See Request for Judicial Notice ("RJN") Exh. D ("State Court Complaint"). That case was dismissed with prejudice after defendants moved for terminating sanctions based on Boggiano's repeated failures to produce discovery or to appear in court as ordered. RJN Exh. G (6/14/04 Order Granting Terminating Sanctions). The Kapoor Defendants now claim that res judicata bars Boggiano from relitigating that case again in federal court.

The Kapoor Defendants also claim that Boggiano has failed to serve defendant Nob Hill Partnership.

## DISCUSSION

A. Legal Standard

1. Motion to Dismiss

A court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. See, e.g., Broam v. Brogan, 320 F.3d 1023, 1033 (9th Cir. 2003) (citations omitted). Matters outside of the pleadings are not normally considered in evaluating a motion to dismiss. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989).

United States District Court
For the Northern District of California

2. Conversion of 12(b)(6) Motion to Summary Judgment Motion

A motion to dismiss may be converted into a motion for summary judgment at the court's discretion. Fed. R. Civ. P. 12(b). To do so, the parties must be "fairly apprised" that the court intends to consider extrinsic evidence and apply the summary judgment standard of review. Portland Retail Druggists Assoc. v. Kaiser Foundation Health Plan, 662 F.2d 641, 645 (9th Cir. 1981).

Here, both parties submitted extrinsic evidence on the motion to dismiss. Additionally, the court explicitly requested supplemental declarations to evaluate the Kapoor defendants' claims, and both parties submitted supplemental material. Following the hearing, the court duly gave notice to the parties that the motion would be converted into one for summary judgment, informed pro per plaintiff Boggiano of the consequences of the conversion, and afforded the parties a final opportunity to supplement their papers with any additional relevant evidence for the court's consideration. The court finds that the parties have fairly been apprised that the motion will be treated as one for summary judgment.

3. Summary Judgment

Summary judgment is appropriate when the evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

B. Failure to Serve

The First Amended Complaint ("FAC") in this action was filed on September 30, 2004. Certain defendants previously moved to dismiss the complaint as to them for failure to serve the complaint, in violation of Fed. R. Civ. P. 4. At the March 23, 2005 hearing, the court informed Boggiano that all defendants that were not served by April 25, 2005 would be dismissed from the case. March 24, 2005 Order at 4. As of now, one, and possibly two, defendants remain unserved in this action.

In ruling on a motion to dismiss under Rule 12(b)(5) for insufficient service, the court may properly weigh and resolve disputed issues of fact. See, e.g., Travelers Casualty and Surety Co. of Amer. v. Telstar Construction Co., Inc., 252 F.Supp. 2d 917, 922-23 (D. Ariz.

United States District Court
For the Northern District of California

2003) (citations omitted).

1. Nob Hill Partnership

The Kapoor Defendants claim that defendant Nob Hill Partnership has not been served with the summons and complaint in this matter. Boggiano admits that she attempted to serve Nob Hill Partnership by serving Art Kapoor with the summons and complaint in this matter. Kapoor, though, is not an agent for service of process for any entity known as "Nob Hill Partnership," nor does Kapoor know of such an entity. Kapoor Decl. ¶ 3. Therefore, Boggiano has not properly served Nob Hill Partnership, and it is DISMISSED as a defendant from this case.

2. Partap Art Kapoor

At the hearing, Boggiano indicated that she had intended to serve Art Kapoor as a defendant in this case, and that she actually did serve Art Kapoor. The complaint, however, names Partap Art Kapoor as a defendant and not Art Kapoor. As previously discussed, Partap Art Kapoor is Art Kapoor's father, and at the hearing, based on Boggiano's statements, the Kapoor defendants agreed to substitute Art Kapoor for Partap Art Kapoor and accept service on Art Kapoor's behalf.

After the hearing, though, Boggiano submitted a supplemental document, entitled "motion for reconsideration," claiming that she misspoke at the hearing and intended to name Partap Art Kapoor and not Art Kapoor as a defendant in this matter. The court construes the motion for reconsideration as a supplemental declaration, as it is made under penalty of perjury.[3]

Boggiano admits that she has not served Partap Art Kapoor personally in this case. Her declaration claims only that she served Art Kapoor personally, and that Art Kapoor serves as the agent for service of process for the corporate defendants named in this action. Boggiano Motion for Reconsideration at 2 ("the son is listed as the agent for service of

---

[3] To the extent Boggiano intends this as a motion for reconsideration of this order, the motion was prematurely filed, in that it was filed before the order was issued. In any event, it also fails to meet the requirements of Civ. L. R. 7-9 and is DENIED on that basis as well.

process in the Corporate Database”). Art Kapoor confirms that he accepted service on behalf of Art Kapoor Realty, California West, Diamond West, and Nob Hill Associates, but not on behalf of Partap Kapoor or Nob Hill Partnership. Supplemental Kapoor Decl. Therefore, Boggiano has not shown that she has properly served Partap Art Kapoor, since she has not produced any evidence that Art Kapoor was authorized or required to accept service on behalf of his father. Therefore, to the extent Partap Kapoor is a named defendant in this action, he is DISMISSED for Boggiano’s failure to serve him with process in this action.

C. Res Judicata

1. Legal Standard

Res judicata, or claim preclusion, "provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action, and is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction." Hells Canyon Preservation Council v. United States Forest Service, 403 F.3d 683, 686 (9th Cir. 2005) (citations omitted). For res judicata to apply, there must be "1) an identity of claims, 2) a final judgment on the merits, and 3) privity between the parties." Id. (citations omitted). Furthermore, the federal courts are required to give state court judgments the same preclusive effect they would have in state court proceedings. Feminist Women's Health Center v. Codispoti, 63 F.3d 863, 867 (9th Cir. 1995), citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984).

2. Identity of Claims

The Kapoor Defendants have conclusively shown that all of Boggiano's claims in this federal action were either already raised or could have been raised in her state court action. The state action thus concerns the same "legal theories arising out of the same transactional nucleus of operative facts" as the federal action, Hells Canyon, 403 F.3d at 686 n. 2, since both complaints allege facts concerning Boggiano's discovery of lead in her apartment and her subsequent eviction from the premises. Compare Amended Federal Complaint with State Complaint Statement of Case ¶¶ 16, 18, 30-44, 47-67.

Both complaints also assert the same legal theories, as listed below:

| Federal Complaint | State Complaint |
|---|---|
| Fair Housing Act (first cause of action) | ¶ 24 at 20-21 [all cites are to the State Complaint Allegations section].[4] |
| Violations of Lead Abatement Law, citing 17 CCR, HUD, and EPA (second cause of action) | ¶ 67 at 15, ¶ 21 at 20-21. |
| Fraud and Negligent Misrepresentation -- Failure to Inform of Hazardous Conditions (third cause of action) | ¶ 4 at 16 |
| Fraud and Negligent Misrepresentation -- Failure to Relocate, Trespass, Conversion (fourth cause of action) | ¶ 5 at 16-17, ¶¶ 6, 8-10 at 17, ¶¶ 15, 19 at 19, ¶¶20-23 at 20, ¶¶ 30, 32 at 22, ¶ 35 at 23 |
| Fraud and Negligent Misrepresentation -- Unlawful Eviction (fifth cause of action) | ¶ 7 at 17 |

The state and federal complaints thus encompass identical claims.

3. Final Judgment on the Merits

Boggiano's state case was dismissed as a terminating sanction, based on her repeated failures to cooperate in discovery, failure to serve parties with pleadings, and failure to appear for mandatory settlement conferences. Terminating Sanctions Order ¶¶ 4-12, 14-16. As the state court held:

> This case provides a very rare circumstance where taking into account everything, including the fact that Plaintiff is in pro per, the Court determines that terminating sanctions are appropriate . . . it is not simply a failure of a pro per to comply with a rule here and there, it is a consistent unwavering and pervasive refusal to comply with legitimate orders of this Court, legitimate discovery requests with the legitimate process that would allow this case to go to trial and be fairly tried by all sides.

Id. at ¶ 18.

Under state law, a case dismissed through terminating sanctions is considered dismissed on its merits, with prejudice. Kahn v. Kahn, 68 Cal.App.3d 372, 384-85 (1977). Thus, it is irrelevant that Judge Warren did not actually rule on Boggiano's pending discovery requests or the actual merits of her case, because the terminating sanctions imposed are deemed to have resolved all pending matters against Boggiano in a final judgment on the

---

[4] The state and federal courts have concurrent jurisdiction over Fair Housing Act claims. 42 U.S.C. § 3613(a)(1)(A).

United States District Court
For the Northern District of California

merits, for the purposes of res judicata analysis.[5]

4. Parties in Privity

Boggiano's state complaint named Art Kapoor, California West Associates (erroneously named as "CalWest Realty"), Art Kapoor Realty USA, and Tenderloin Neighborhood Development. Boggiano's federal complaint names Art Kapoor (by stipulated substitution) and California West Associates.[6] These parties are identical to the parties sued in the state complaint, and thus, res judicata bars Boggiano's claims against them. Defendants Art Kapoor and California West Associates are therefore DISMISSED.

At the hearing, Boggiano agreed that state defendant Art Kapoor Realty USA was identical to federal defendant Art Kapoor Realty, Inc., and that Art Kapoor Realty Inc. had been substituted in as the proper defendant for Art Kapoor Realty USA in the state action. Therefore, Art Kapoor Realty Inc. is identical to state defendant Art Kapoor Realty USA and thus res judicata will bar the federal action against it as well. Defendant Art Kapoor Realty Inc. is DISMISSED.

The Kapoor defendants next argue that the federal defendants Diamond West Associates, and Nob Hill Associates are in privity with the state defendants. For these newly-named federal defendants to be considered in privity with a previous party for the purposes of res judicata, defendants must show that Art Kapoor Realty Inc., Diamond West Associates, and Nob Hill Associates are sufficiently closely related to Art Kapoor and California West Associates that Boggiano should be precluded from suing the new federal defendants on the

---

[5] At the hearing, Boggiano contended that Cal. Rule of Court 227 and San Francisco Superior Court Local Rule 4.3 barred the state court from dismissing her case as a terminating sanction. As an initial matter, this court does not have jurisdiction to vacate the state court's decision, and Boggiano should have raised these arguments in the state appellate courts. In addition, neither of these rules apply here. Cal. Rule of Court 227 governs only monetary sanctions imposed for violations of court rules, and specifically states that it has no effect on any other types of sanctions permitted by law, such as terminating sanctions. And San Francisco Superior Court Local Rule 4.3 governs early settlement procedures under the local ADR program and does not prohibit the imposition of terminating sanctions for failure to comply with its terms.

[6] As previously indicated, Boggiano is inconsistent as to whether she intends to name Art Kapoor or Partap Art Kapoor. For the purposes of res judicata analysis, the court proceeds under the assumption that Boggiano intended to name Art Kapoor as a defendant, and that Art Kapoor has been properly served.

same claims asserted against Art Kapoor and California West Associates. See generally, e.g., Headwaters Inc. v. United States Forest Service, 399 F.3d 1047, 1052-53 (9th Cir. 2005) (privity defined as "a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved," citations omitted). For a non-party to be considered "virtually represented" with a previously-sued party and thus in privity with it, the non-party must show "a close relationship between the named party and the nonparty," "an identity of relevant interests between the named party and the non party," and "adequate representation [of the non-party's interest] by the named party [in the previous suit]." Irwin v. Mascott, 370 F.3d 924, 929-30 (9th Cir. 2004), cited by Headwaters, 399 F.3d at 1053 (in res judicata analysis).

The property rented by Boggiano at issue in this case was owned by California West Associates. Kapoor Supp. Decl. ¶ 6. Kapoor submitted a supplemental declaration after the hearing that explains that Diamond West Realty is a partnership in which his father, Partap Kapoor, is a general partner. Diamond West dissolved in 1996 and had no interest in the property Boggiano rented that is at issue in this case. Before 1996, Art Kapoor Realty managed property on Diamond West Realty's behalf. Id. ¶ 7.

As for Nob Hill Associates, it is neither a corporation nor a partnership, and Art Kapoor has no affiliation with it. The term "Nob Hill Associates" refers generally to property owned by Partap Art Kapoor that is managed by Art Kapoor Realty, and does not include the property rented by Boggiano that is at issue in this case. Kapoor Supp. Decl. ¶ 8.

Thus, both Diamond West Realty and Nob Hill Associates are affiliated with Art Kapoor Realty, and have been sued in this action over property rented by Boggiano through California West Associates. This demonstrates a close relationship and identity of interest between Diamond West and Nob Hill Associates on the one hand and state defendant Art Kapoor Realty on the other. In the state litigation, Art Kapoor Realty also adequately represented Diamond West and Nob Hill Associates' interests concerning Boggiano's claims. Thus, Diamond West and Nob Hill Associates' interests in terms of this case are sufficiently closely aligned such that they are in privity with the other defendants named in the state complaint.

United States District Court
For the Northern District of California

The claims against Diamond West and Nob Hill Associates are therefore barred by res judicata as well, and those defendants are DISMISSED.

C. Conclusion

The Kapoor Defendants' motion for summary judgment on the grounds of res judicata is GRANTED. Nob Hill Partnership, to the extent it even exists as a viable entity, is DISMISSED for failure to serve. To the extent Partap Art Kapoor has been named as a defendant, he is DISMISSED as well for failure to serve and for res judicata.

Thus, Boggiano's complaint is dismissed in its entirety. Boggiano's motion for joinder, filed on June 13, 2005, is DENIED AS MOOT. This order fully adjudicates the matters listed at nos. 33 and 37 on the clerk's docket for this case, and all other pending matters. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 1, 2005

PHYLLIS J. HAMILTON
United States District Judge